# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PAISANO CAPITAL SA DE CV D/B/A | ) | |
| PRODUCTOS PAISANO, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| GLOBAL PRODUCE TRADE, INC. | ) | |
| GLOBAL PRODUCE INTERNATIONAL | ) | |
| LLC and GP INTERNATIONAL, INC., | ) | |
| ARTEMISA P. MCLEOD a/k/a ARTEMISA P. | ) | |
| DUENAS, TODD A. JONES, SILVERIO | ) | |
| COVARRUBIAS, and CONNER MCLEOD, each | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Paisano Capital SA DE CV d/b/a Productos Paisano hereby alleges against Defendants Global Produce Trading, Inc., Global Produce International LLC, and GP International, Inc., Artemisa P. Mcleod, Todd A. Jones, Silverio Covarrubias, and Conner McLeod as follows:

## THE PARTIES

1.      Plaintiff Paisano Capital SA DE CV d/b/a Productos Paisano ("*Paisano*" or "*Plaintiff*") is now and was at all times material to the complaint a corporation organized and doing business under the laws of Mexico.  Its principal place of business is in Colonia Escandón, Mexico.

2.      Paisano sells wholesale quantities of perishable agricultural commodities (hereinafter "*Produce*") in interstate and foreign commerce.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

3.      Paisano trades in fresh fruit and vegetable commodities the United States Department of Agriculture ("*USDA*") expressly recognizes as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a-499t (2016) ("*PACA*").

4.      The Defendants are:

(a)      Global Produce Trading, Inc. ("*Global Produce*"), is a California corporation with business officers located at 2201 E. Willow Street, D-302, Signal Hill, California 90755 and 720 Rusk Street, Suite 422, Houston, Texas 77002;

    i.   Upon information and belief[1], Global Produce's Signal Hill, California address is a retail location for "Mailbox Plus" and not an actual place of business for Global Produce.  Rather, "D-302" is simply the mailbox Global Produce leased from Mailbox Plus in order to receive mail at a non-residential location;

    ii.   Upon information and belief, Global Produce's Houston, Texas address is a leased office space capable of providing Global Produce an actual office location and a physical presence;

    iii.   Global Produce's website (http://gptna.com/home/contact-form) identifies its principal place of business as 720 Rusk Street, Suite 422, Houston, Texas 77002;

---

[1] On or upon "information and belief," as used herein, means Plaintiff is informed and believes a fact or condition to be true and, upon such information and belief, alleges the fact or condition in connection with the instant complaint. Plaintiff's information and beliefs are based upon investigation and derived from such sources as: Plaintiff's conversations with Defendants, e-mail correspondence with Defendants, publicly available government documents, relevant statements or information contained on Defendant owned or controlled websites, import/export documents, Plaintiff's communications with Defendants, Plaintiff and Defendants' relevant produce transaction documents, documents Defendants uploaded to and otherwise provided Plaintiff, and relevant third party documents.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

iv.   Global Produce's chief financial officer is Silverio Covarrubias;

v.   Global Produce's chief executive officer is Artemisa P. McLeod;

vi.   Global Produce's secretary is Todd A. Jones.

vii.   Global Produce filed a Statement of Information with the California Secretary of State that described its type of business as a "Wholesale Produce Broker."

viii.   Notwithstanding Global Produce's description of its business as a Wholesale Produce Broker, Global Produce is and was not licensed by the USDA to buy or sell Produce in interstate or foreign commerce.

ix.   Global Produce is related to Global Produce International LLC and GP International, Inc. through, *inter alia*, common ownership, common leadership, common business addresses, and a common website (i.e., www.gptna.com).

(b)   Global Produce International LLC ("*Global Produce Int'l.*") is a Texas limited liability company with its principal place of business located at 720 Rusk Street, Suite 422, Houston, Texas 77002;

i.   Global Produce Int'l. utilizes the same Texas-based business address of Global Produce;

ii.   Global Produce Int'l. is owned and managed by its members, which include Artemisa P. McLeod, Conner McLeod, Todd A. Jones;

iii.   Global Produce serves as the registered agent for Global Produce Int'l. and Global Produce's business address is identified on Global Produce

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

Int'l.'s Certificate of Formation, which was filed with State of Texas, as

720 Rusk Street, Suite 422, Houston, Texas 77002; and

iv.   Global Produce Int'l. is owned and managed by the same individuals as Global Produce and GP International, Inc., specifically Artemisa P. McLeod and Todd A. Jones.

v.   Global Produce Int'l.is related to Global Produce and GP International, Inc. through, *inter alia*, common ownership, common leadership, common business addresses, and a common website (i.e., www.gptna.com).

(c)   GP International, Inc. ("*GPI*"), is a Texas corporation with its business officers located at 720 Rusk Street, Suite 422, Houston, Texas 77002;

i.   GPI utilizes the same Texas-based business address of Global Produce;

ii.   GPI is owed or managed by its directors, which include Artemisa P. McLeod, Todd A. Jones, and Silverio Covarrubias;

iii.   GPI's registered agent is located at 720 Rusk Street, Suite 422, Houston, Texas 77002.

iv.   With the possible exception of Conner McLeod, GPI is owned and managed by the same individuals as both Global Produce and Global Produce Int'l.

v.   GPI is related to Global Produce and Global Produce Int'l. through, *inter alia*, common ownership, common leadership, common business addresses, and a common website (i.e., www.gptna.com).

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

(d)     Artemisa P. McLeod a/k/a Artemisa P. Duenas ("A.*McLeod*"), is a resident of Los Angeles, California, and is or was an officer, director, member, or shareholder of Global Produce, Global Produce Int'l, and GPI (collectively the "*Company*") and in a position to control Company at all times relevant to this action.  A.McLeod is listed as Global Produce's Chief Executive Officer on the company's Statement of Information filed with the State of California and holds herself out as the Global Operations Director according to the Company's website.  A.McLeod is listed as a Managing Member on Global Produce Int'l.'s Certificate of Formation filed with the State of Texas.  A.McLeod is listed as a Director of GPI with the Texas Secretary of State;

(e)     Todd Jones ("*Jones*"), upon information and belief, is a resident of Maidenhead, Berkshire, United Kingdom and is or was an officer, director, member, or shareholder of Company and in a position to control Company at all times relevant to this action.  Jones is listed as Global Produce's Secretary on the company's Statement of Information filed with the State of California and holds himself out as the Global Director, Sales and Business according to Global Produce's website.  Jones is listed as a Managing Member on Global Produce Int'l.'s Certificate of Formation filed with the State of Texas.  Jones is listed a Director of GPI on its Certificate of Formation filed with the State of Texas; and

(f)     Silverio Covarrubias ("*Covarrubias*"), who, upon information and belief, is a resident of Leon, Mexico, is or was an officer, director, member, or shareholder of Company and in a position to control Company at all times relevant to this action.  Covarrubias is listed as the Global Produce Chief Financial Officer on the Company's Statement of Information filed with the State of California and holds himself out as the General Director according to Global Produce's

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

website.  Covarrubias is listed as a Director of GPI on its Certificate of Formation filed with the State of Texas.

(g)     Conner McLeod ("C.*McLeod*"), is a resident of Los Angeles, California, and is or was an officer, director, member, or shareholder of Global Produce Int'l, and in a position to control Global Produce Int'l at all times relevant to this action.  C.McLeod is listed as a Managing Member on Global Produce Int'l.'s Certificate of Formation filed with the State of Texas.

A.McLeod, Jones, Covarrubias, and C.McLeod shall hereinafter be collectively referred to as "*Principals*."   Principals and Company shall hereinafter be collectively referred to as "*Defendants*."

5.     At all times relevant hereto, each of the Defendants were engaged in the business of buying or selling wholesale or jobbing [2] quantities of Produce in interstate and foreign commerce.

6.     At all times relevant hereto, each of the Defendants were engaged directly or indirectly in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are "dealers" of Produce as defined by PACA.

7.     At all times relevant hereto, each of the Defendants were engaged in the business, directly or indirectly, of negotiating sales and purchases of Produce in interstate or foreign commerce for or on behalf of a vendor or purchaser, respectively, and, therefore, are "brokers" of Produce as define by PACA.

---

[2] "Wholesale or jobbing quantities," as used in 7 U.S.C. § 499a(6), means aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

8.      At all times relevant hereto, each of the Defendants were engaged in the business, directly or indirectly, of purchasing Produce from growers or others and distributing such Produce in commerce by resale or other methods, and, therefore, a "shipper" of Produce as defined by the PACA.

9.      The USDA provides a list of perishable agricultural commodities covered under PACA, [3] which includes Persian limes. (Ex. A at 28).

10.      Plaintiff sold Defendants perishable agricultural commodities comprising fresh Persian limes. *See* Chart and Unpaid Invoices, attached hereto and incorporated herein as Exhibit B.   As such, Defendants purchased from Plaintiff Produce the USDA expressly recognizes as covered commodities under PACA.

## JURISDICTION AND VENUE

11.      The District Court has jurisdiction over this civil action arising under § 2 of PACA, 7 U.S.C. § 499e(b)(2), pursuant to 28 U.S.C. § 1331.

12.      The District Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1337 because PACA qualifies as an "Act of Congress regulating commerce" and several of Plaintiff's claims herein arise under 7 U.S.C. § 499e(b)(2), 7 U.S.C. § 499p, and 7 C.F.R. § 46 *et seq.*

13.      The Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the matter in controversy exceeds $75,000.00, exclusive of any claims for the recovery of exemplary damages, pre or post judgment interest, costs, or reasonable attorneys' fees..

---

[3] A true and correct copy of the USDA's commodities list is attached hereto as Exhibit A.

COMPLAINT                                    Page 7 of 29                      ***Jason R. Klinowski, Esq.***
                                                                                         WALLACE, JORDAN, RATLIFF & BRANDT LLC
                                                                                         800 Shades Creek Parkway, Suite 400
                                                                                         Birmingham, Alabama 35209
                                                                                         Tel: (205) 874-0371

14.     The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a) and (b).

15.     The District Court has personal jurisdiction over any of the named Defendants not residing within the State of Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 17.042.

16.     Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and Company's office is located in Houston, Texas, which is within this district.

## FACTUAL ALLEGATIONS

17.     Between June and October 2016, Paisano and the Company entered into multiple contracts under which Paisano agreed to sell the Produce, and the Company agreed to purchase the Produce, identified in Exhibit B.

18.     Paisano sold to the Defendants, and the Defendants purchased from Paisano, Produce having an invoice value in the current aggregate amount of $519,684.81, as set forth in Exhibit B.

19.     The Defendants accepted each load of Produce that corresponds to the invoice numbers as listed in Exhibit B.

20.     At the Defendants' direction, Paisano delivered or caused to be delivered each load of Produce referenced in Exhibit B to a freight forwarder and ultimately the various third parties to which Defendants sold the Produce it purchased from Paisano (i.e., Defendants' customers).

21.     Paisano delivered conforming goods to Defendants via tender and delivery of the Produce referenced in Exhibit B to Defendants' customers.

22.     Neither Defendants nor their customers who physically received Paisano's Produce rejected any load of Produce identified in Exhibit B.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

23.     Paisano issued to the Defendants, and the Defendants received, each of the invoices listed in Exhibit B.

24.     Defendants failed to object to its receipt of any invoice from Paisano.

25.     With respect to each load of Produce identified in Exhibit B, Company agreed to remit payment to Paisano by providing fifty percent (50%) of the fixed price upon Company's issuance of a purchase order to Paisano and the remaining fifty percent (50%) of the fixed price within thirty (30) days of delivery of said Produce to Defendants' customers.

26.     In good faith, Paisano gave, and the Defendants accepted, a discounted fixed price for one load of Produce, which is identified in Exhibit B as Invoice Number A107, after it received quality reports following an inspection.

27.     Paisano is an unpaid supplier or seller of Produce having sold Produce to the Defendants for which it remains unpaid as set forth in Exhibit B.

28.     The Defendants failed to pay or otherwise deliver good funds to Paisano in the amount set forth under the "Invoice Amount Due" column identified in Exhibit B, despite repeated demands from Paisano.

29.     Within calendar year 2016, Defendants purchased in excess of $900,000.00 of Produce from Paisano and resold said Produce it its customers in foreign commerce.

30.     Within calendar year 2016, Defendants purchased Produce from Paisano in ton-lot (2,000 pounds) quantities in that each shipment of Produce totaled or exceeded 2,000 pounds in weight.

31.     At all relevant times hereto, Company acted by and through its Principals.

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

32.     As a direct result of the Defendants' actions or inactions, Paisano is currently (i.e., as of October 9, 2017) owed the aggregate amount of $519,684.81, plus further interest that accrues at the agreed upon rate thereafter.

33.     Additionally, upon information and belief, Defendants failed to preserve sufficient funds to fully satisfy all qualified PACA claims, such as Plaintiff's claims for unpaid Produce transactions as asserted in this action.

34.     Defendants failed to ensure that Company's funds were freely available to satisfy its outstanding obligations to Plaintiff or other similarly situated Produce suppliers.

35.     At all times relevant hereto, Company lacked the liquidity or free cash to pay Plaintiff for any of the shipments of Produce listed in Exhibit B.

36.     Company lacked adequate capitalization to pay its Produce suppliers and to sustain any losses resulting from its inability to collect upon its own accounts receivable.

37.     Defendants improperly shifted the risk of Company's undercapitalization or bad debt risk to Plaintiff and its other unpaid Produce suppliers.

38.     Company, by and through A.McLeod, admitted to Paisano that it lacked the ability to honor its payment agreements and that Company had to rely on its customers' payments in order for it to make partial payments to Paisano.

39.     Upon information and belief, at all times relevant hereto, Company was insolvent.

40.     Upon information and belief, at all times relevant hereto, Company's liabilities exceeded its assets.

41.     Upon information and belief, Principals possessed actual and constructive knowledge of Company's insolvency.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

42.     Principals failed to voluntarily cease business operations and otherwise to refrain from purchasing Produce on credit while Company was either insolvent or during a time when Company's liabilities exceeded its assets or it was unable to pay its just debts when they became due.

**FIRST CAUSE OF ACTION**
**Unfair Trade Practice – Failure to Make Full Payment Promptly**
**(Paisano Against All Defendants)**

43.     Paisano re-alleges paragraphs 1 through 42 as though fully set forth herein.

44.     Paisano delivered conforming goods to Defendants via tender or delivery of said goods to Defendants' customers at the direction of the Defendants and has otherwise satisfied all conditions of its contracts with Defendants.

45.     The Defendants, by and through Paisano's direct shipment to its customers, received each of the shipments of Produce referenced in Exhibit B.

46.     Defendants failed to pay or otherwise deliver good funds to Paisano for each of the invoices identified in Exhibit B within the applicable payment terms that were in effect between the parties at the time of each transaction.

47.     As a direct and proximate result of Defendants' violation of PACA, Paisano incurred damages in the current aggregate amount of $519,684.81, plus further interest.

48.     The matters and actions alleged in this Count I constitute a violation by Defendants of Section 2 of PACA.

49.     On information and belief, additional unknown and unpaid Produce suppliers exist. As a result, Plaintiff further seeks the entry of an Order directing Defendants to immediately turn over to the Registry of the Court all Company assets for the benefit of all unpaid PACA Produce suppliers such as Plaintiff, thereby creating a fund for the benefit of said unpaid Produce suppliers.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

50.     On information and belief, Company is insolvent in that its liabilities exceed its assets and it lacks the liquidity or cash to pay Plaintiff or any other similarly situated unpaid Produce supplier in the ordinary course of business.  As such, Plaintiff further seeks the entry of an Order directing Defendants to cease and desist all business operations until Defendants satisfy the Court that they are properly capitalized, can operate in compliance with PACA, and have paid Plaintiff and other similarly situation PACA unpaid suppliers.

### SECOND CAUSE OF ACTION
**Breach of Contract**
**(Paisano Against The Company)**

51.     Paisano re-alleges paragraphs 1 through 42 as though fully set forth herein.

52.     Paisano and the Company entered into the various contracts identified in <u>Exhibit B</u>.

53.     In each contract, Paisano agreed to sell Produce to the Company and the Company agreed, *inter alia*, to purchase Produce from Paisano.

54.     At the direction of the Company, Paisano tendered the Produce at issue herein to Company's freight forwarder and the Company arranged for the shipment of the Produce out of Mexico and to the Company's various customers.

55.     Paisano delivered or otherwise caused all Produce identified in <u>Exhibit B</u> to delivered to the Defendants by and through direct shipment to Defendants' customers and has satisfied all conditions of said contracts.

56.     The Company failed to pay or otherwise deliver good funds to Paisano for each of the invoices identified in <u>Exhibit B</u> in the amount set forth therein within the applicable payment terms that were in effect between the parties at the time of each transaction.

57.     Plaintiff is an unpaid supplier of Produce having consigned Produce to the Company for which it remains unpaid.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

58.     As a direct and proximate result of the Company's breach of contract, Paisano incurred damages in the current aggregate amount of $519,684.81, plus further interest.

### THIRD CAUSE OF ACTION
**Breach of Fiduciary Duty**
**(Paisano Against Principals)**

59.     Paisano re-alleges paragraphs 1 through 42 as though fully set forth herein.

60.     At all times relevant to this action, each of the Principals were officers, directors, members, or shareholders of the Company, and the persons in charge of its business undertakings.

61.     On information and belief, at all times relevant to this action, the Principals were engaged, directly or indirectly, in the business of buying or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities.

62.     At all times relevant to this action, the Principals controlled and managed the Company's operations and had control over the Company's financial dealings.

63.     At all times relevant to this action, the Principals were in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings.

64.     At all times relevant to this action, the Principals had the authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of its assets.

65.     At all times relevant to this action, the Principals were in a position to influence the Company's application of its operating funds and otherwise had the power to influence the application or disposition of its assets.

66.     Upon information and belief, at all times relevant to this action, the Principals were the authorized signatories on the Company's bank account(s) and otherwise had the power to direct the application or disposition of its assets.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

67.     As officers, directors, members, or shareholders of the Company, the Principals had a statutory duty to ensure that the Company performed all duties, express or implied, arising out of the Company's undertakings in connection with the Company's Produce transactions which included, *inter alia*, ensuring Company's compliance with its obligations to Paisano under PACA.

68.     As officers, directors, members, or shareholders of the Company, the Principals were in a position to exercise judgment, discretion, or control over the Company's operations and its financial dealings, which included, *inter alia*, ensuring that the Company neither acted nor failed to act in any manner that could result in the Company's violation of its obligations to Paisano under PACA or which could prejudice or impair the ability of the Company's unpaid Produce suppliers, such as Paisano, to recover money owed to each of them in connection with any Produce transactions involving the Company.

69.     As officers, directors, members, or shareholders of the Company, the Principals knew or should have known of the Company's failure to pay each of Paisano's unpaid invoices identified in <u>Exhibit B</u> as they fell due.

70.     As officers, directors, members, or shareholders of the Company, the Principals possessed the power necessary to counteract or obviate the decisions of the Company not to pay Paisano.

71.     Because the Principals controlled and/or were in a position to control the Company, and Paisano's invoices have not been paid from the Company's assets as its bills fell due, the Principals have breached their fiduciary duties under PACA.

72.     Because the Principals were either in control or were in a position to control the Company, and the Principals failed to ensure that there were, at all times, sufficient assets available

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

to satisfy all of the Company's obligations to Paisano as an unpaid Produce supplier, the Principals have breached their fiduciary duties under PACA.

73.     Because the Principals were either in control or were in a position to control the Company, and the Principals failed to counteract or obviate the decisions of the Company not to pay Paisano from the Company's assets, the Principals have breached their fiduciary duties under PACA.

74.     The Principals continue to hold any and all Company assets having come into their collective or individual possession.

75.     The Principals are each personally liable to Paisano, which liability is joint and several with Company, for their respective breaches of fiduciary duties under PACA in an amount not less than $519,684.81, plus further interest.

### FOURTH CAUSE OF ACTION
**Breach of Expressed or Implied Duties**
**(Paisano Against All Defendants)**

76.     Paisano re-alleges paragraphs 1 through 40 as though fully set forth herein.

77.      As a PACA dealer and broker of Produce, Company possessed a duty to "perform any specification or duty, express or implied, arising out of any undertaking in connection with any [Produce] transaction" with Paisano.

78.     As a PACA dealer and broker of Produce, Company possessed a duty to "truly and correctly account" to Paisano.

79.     As a PACA dealer and broker of Produce, Company possessed a duty to "make full payment promptly" to Paisano.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

80.     As a PACA dealer and broker of Produce, Company possessed a duty to "exercise reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner."

81.     As a PACA dealer and broker of Produce, Company collected or received funds for or on behalf of Paisano.

82.     As a PACA dealer and broker of Produce, Company possessed a duty to "not make any use or disposition of [funds collected for or on behalf of Paisano] in [its] possession or control that will endanger or impair faithful and prompt payment to" Paisano.

83.     As a PACA dealer and broker of Produce, Company possesses a duty to keep such accounts, records, and memoranda and fully and correctly disclose all transactions involved in its business including the true ownership of such business by stockholding or otherwise.[4]

84.     As a PACA dealer and broker of Produce, Company possesses a duty to prepare and preserve for a period of two years from the closing date of the transaction the accounts, records, and memoranda required by PACA, which shall fully and correctly disclose all transactions involved in its business.[5]

85.     As a PACA dealer and broker of Produce, Company possesses a duty to ensure that their business records fully disclose all transactions in the business in sufficient detail as to be readily understood and audited.[6]

86.     As a PACA dealer and broker of Produce, Company possesses a duty to maintain records which will disclose all essential facts regarding the transactions in its business.[7]

---

[4] 7 U.S.C. § 499i
[5] 7 C.F.R. § 46.1
[6] Id.
[7] Id.

COMPLAINT                                    Page 16 of 29

87.     As a PACA dealer and broker of Produce, Company possesses a duty to ensure its business records include the corporate charter, record of stock subscription and stock issued, the amount paid in stock and minutes of stockholders' and directors' meetings showing the election of directors and officers, resignations and other pertinent corporate actions.[8]

88.     As a PACA dealer and broker of Produce, Company possesses a duty to preserve:

> [b]ills of lading, diversion orders, paid freight and other bills, car manifests, express receipts, confirmations and memorandums of sales, letter and wire correspondence, inspection certificates, invoices on purchases, receiving records, sales tickets, copies of statements (bills) of sales to customers, accounts of sales, papers relating to loss and damage claims against carriers, records as to reconditioning, shrinkage and dumping, daily inventories by lots, a consolidated record of all rebates and allowances made or received in connection with shipments handled for the account of another, an itemized daily record of cash receipts, ledger records in which purchases and sales can be verified, and all other pertinent papers relating to the shipment, handling, delivery, and sale of each lot of produce shall be preserved for a period of 2 years.[9]

89.     As a PACA dealer and broker of Produce, Company possesses a duty, whenever five percent or more of a Produce shipment is dumped, to obtain an official certificate, or other adequate evidence, to prove the subject Produce was actually without commercial value, unless there is a specific agreement to the contrary between the parties. [10]

90.     Company and Principals' failure to pay Paisano for the Produce transactions identified in Exhibit B constitutes a violation of an express duty under Section 2 of PACA.

91.     Company and Principals' failure to maintain a proper record of its Produce transactions with Paisano constitutes a violation of an express duty under Section 2 of PACA.

---

[8] *Id.*
[9] 7 C.F.R. § 46.15
[10] 7 C.F.R. § 46.22 and 7 C.F.R. § 46.2

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

92.     Company and Principals' use or disposition of any funds collected or received on Paisano's behalf that impairs or endangers the Company's ability to faithfully and promptly pay Paisano constitutes a violation of an express duty under Section 2 of PACA.

93.     The Company and Principals are each personally liable to Paisano, which liability is joint and several with Company, for their respective breaches of the expressed and implied duties under PACA in an amount not less than $519,684.81, plus further interest.

## FIFTH CAUSE OF ACTION
### Unfair Trade Practice – Make False or Misleading Statements
### (Paisano Against All Defendants)

94.     Paisano re-alleges paragraphs 1 through 42 as though fully set forth herein.

95.     As a PACA dealer and broker of Produce, Company and its Principals possessed a statutory duty not to make, for a fraudulent purpose, any false or misleading statement to Paisano in connection with any and all Produce transactions between the parties.

96.     Company acted or failed to act by and through its Principals.

97.     Company, by and through A.McLeod, made several false statements regarding promises to pay Paisano for the Produce transactions at issue herein.

98.     Specifically, A.McLeod made several oral and written promises to pay Paisano through face-to-face conversations and WhatsApp communications for the Produce identified in Exhibit B and failed to honor those promises.

99.     Company and its Principals knew or should have known that Paisano relied upon Company to provide it with accurate and truthful information regarding the Produce transactions and related payment information.

100.    Defendants made multiple false statements to Paisano regarding payments for the express purpose of causing Paisano to advance credit to Company and cover actual expenses

COMPLAINT
*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

related to the shipment of Produce the Company purchased and directed Paisano to ship or deliver to Defendants' customers.

101.    Defendants also made false statements to Paisano regarding payments in order to induce Paisano to discount its Produce in exchange for continued payment on past Produce transactions.

102.    Paisano relied upon Defendants' false statements to its detriment and shipped several loads of Produce to Defendants' customers expecting Defendants to honor their promise to pay.

103.    Paisano relied upon Defendants' false statements to its detriment and continued doing business with Company longer than it normally would expecting Defendants to honor their promise to pay.

104.    The foregoing actions of Company and its Principals constitute unfair conduct under PACA.  See 7 U.S.C. § 499b(2), (4), and (5).

105.    Company and its Principals' unfair conduct as defined by PACA has directly and proximately caused injury to Paisano in an amount not less than $519,684.81, plus further interest.

### SIXTH CAUSE OF ACTION
**Breach of Good Faith and Fair Dealing Under PACA
(Paisano Against All Defendants)**

106.    Paisano re-alleges paragraphs 1 through 42 as though fully set forth herein.

107.    As a PACA dealer and broker of Produce, Company and its Principals possessed a statutory duty to deal with Paisano pursuant to a standard of honesty in fact and was further obligated to observe commercial standards of fair dealing in the Produce trade, which is defined, *inter alia*, in Section 2 of PACA.

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

108.     Company and its Principals breached their obligation of good faith and fair dealing by, *inter alia*, making false and misleading statements to Paisano for the fraudulent purpose of inducing Paisano to extend credit to Company, provide discounts in reliance on forthcoming payments that never arrived, and shipping Produce to Defendants' customers prior to Paisano's receipt of promised and agreed upon payments on said shipments, and outright failing to pay Paisano for several of the Produce shipments identified in Exhibit B.

109.     As a direct and proximate cause of Company and its Principals' wrongful conduct, Paisano has been damaged in an amount not less than $519,684.81, plus further interest.

## SEVENTH CAUSE OF ACTION
### Intentional Interference with Contract
### (Paisano Against Principals)

110.     Paisano re-alleges paragraphs 1 through 42, 60 through 75, 95 through 105, and 107 through 109 as though fully set forth herein.

111.     A series of valid and enforceable contracts existed between Paisano and Company.

112.     Principals took actions intended to induce a breach or disruption of said contracts.

113.     There was no legal justification for the Principals' actions.

114.     As a direct and proximate cause of Principals' wrongful conduct, Paisano has been damaged in an amount not less than $519,684.81, plus further interest.

## EIGHTH CAUSE OF ACTION
### Breach Of Fiduciary Duties To Creditors
### (Paisano Against Principals)

115.     Plaintiff re-alleges paragraphs 1 through 42, 60 through 75, 95 through 105, and 107 through 109 as though fully set forth herein.

116.     On information and belief, the Company was either insolvent or otherwise experiencing severe financial distress at all times relevant hereto.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

117.     On or before January 1 2016, the Principals knew or should have known that the Company was insolvent or otherwise experiencing severe financial distress.

118.     The Principals owe a fiduciary duty to the Company's creditors to ensure the Company's assets were used to pay Company's obligations.

119.     The Principals owed a fiduciary duty to the Company's creditors to preserve and maximize the value and availability of the Company's assets for them from the point of the Company's insolvency.

120.     On information and belief, the Company was or became insolvent on or before January 1, 2016 and was insolvent at all times relevant hereto.

121.     On information and belief, during the Company's insolvency, the Principals transferred Company assets (e.g., cash, accounts receivables, Produce, etc.), or otherwise allowed the transfer of Company assets, out of the Company.

122.     On information and belief, during the Company's insolvency, the Principals transferred Company assets, or otherwise utilized Company assets to pay certain personal obligations of the Principals.

123.     The Principals breached their fiduciary duties to the Plaintiff and other similarly situated creditors of the Company by transferring Company assets, or otherwise allowing the transfer of Company assets, in such a manner as to remove said assets from the reach of the Company's creditors.

124.     The Principals breached their fiduciary duties to the Plaintiff, and other similarly situated creditors, by operating the insolvent Company for the benefit of the Principals and not for the benefit of the Company's creditors.

125.     The Principals possessed a duty of loyalty to the Plaintiff, and other similarly

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

situated creditors of the Company, to act in good faith and not out of self-interest.

126.    On information and belief, the Principals breached their duty of loyalty to the Plaintiff, and other similarly situated creditors of the Company, by receiving and accepting benefits and other payments from the Company during the Company's insolvency and while Plaintiff remain unpaid.

127.    The Principals' repeated breach of their fiduciary duties to the Plaintiff, and other similarly situated creditors, is a direct result of the Principals' election to serve their own personal interests ahead of all others.

128.    As a direct result of the Principals' breach of their fiduciary duties, the Plaintiff incurred damages in an amount not less than $519,684.81, plus further interest.

129.    The Principals are personally liable to the Plaintiff, which liability is joint and several with the Company and any third parties having received any Company assets with actual or constructive notice of the breach of the Principal's fiduciary duties, for the dissipation of the Company's assets in the current aggregate amount of $519,684.81, plus further interest.

### NINTH CAUSE OF ACTION
#### Alter Ego, Single Enterprise Liability
#### (Paisano Against Global Produce and Principals)

130.    Paisano re-alleges paragraphs 1 through 42 as though fully set forth herein.

131.    As alleged above, at all relevant times herein Global Produce, by and through its complete exercise of dominion and control over Global Produce Int'l. and GPI, is the alter ego of such entities. The foregoing parties combine with Global Produce to constitute a single enterprise, all under the direction and control of Global Produce and/or the Principals. Indeed, as set forth above, there is a high interdependency of operations; there is commonality between management, directors and officers; there is a consolidation of financial, strategic, legal and human resources

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

operations; and, at all relevant times, Global Produce has used and continued to use said entities and the assets of these entities for its own purposes.

132.    As alleged above, at all relevant times herein the Principals, by and through their complete exercise of dominion and control over Global Produce, Global Produce Int'l., and GPI, are the alter egos of such entities. At all relevant times, the Principals have used and continue to use said entities and the assets of these entities for their own purposes.

133.    As a direct and proximate cause of Global Produce and the Principals' wrongful conduct and control over Global Produce Int'l. and GPI, Paisano has been damaged in an amount not less than $519,684.81, plus further interest.

**TENTH CAUSE OF ACTION**
**Alter Ego, Single Enterprise Liability**
**(Paisano Against Global Produce Int'l. and Principals)**

134.    Paisano re-alleges paragraphs 1 through 42 and 132 through 133 as though fully set forth herein.

135.    As alleged above, at all relevant times herein Global Produce Int'l., by and through its affiliation and integration with Global Produce, GPI and the Principals, is the alter ego of such entities and persons. The foregoing parties combine to constitute a single enterprise, all under the direction and control of Global Produce and/or the Principals. Indeed, as set forth above, there is a high interdependency of operations; there is commonality between management, directors and officers; there is a consolidation of financial, strategic, legal and human resources operations; and, at all relevant times, Global Produce Int'l. has used and continued to use said entities and the assets of these entities for its own purposes.

136.    As a direct and proximate cause of Global Produce Int'l. and the Principals' wrongful conduct, Paisano has been damaged in an amount not less than $519,684.81, plus further

COMPLAINT
*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

interest.

## ELEVENTH CAUSE OF ACTION
### Alter Ego, Single Enterprise Liability
### (Paisano Against GPI and Principals)

137.    Paisano re-alleges paragraphs 1 through 42, 132 through 133, and 135 through 136 as though fully set forth herein.

138.    As alleged above, at all relevant times herein GPI, by its affiliation and integration with Global Produce, Global Produce Int'l., and the Principals, is the alter ego of such entities and persons. The foregoing parties combine to constitute a single enterprise, all under the direction and control of Global Produce and/or the Principals. Indeed, as set forth above, there is a high interdependency of operations; there is commonality between management, directors and officers; there is a consolidation of financial, strategic, legal and human resources operations; and, at all relevant times, GPI has used and continued to use said entities and the assets of these entities for its own purposes.

139.    As a direct and proximate cause of GPI and the Principals' wrongful conduct Paisano has been damaged in an amount not less than $519,684.81, plus further interest.

## TWELFTH CAUSE OF ACTION
### Conspiracy to Defraud
### (Paisano Against All Defendants)

140.    Paisano re-alleges paragraphs 1 through 42 and 60 through 130 as though fully set forth herein.

141.    Paisano is informed and believes, and based thereon alleges, that the Principals, Global Produce, Global Produce Int'l., GPI and each of them, willingly and willfully conspired and agreed among themselves and with Company to perform the tortious and other wrongful acts and schemes set forth in this Complaint. Said conspiracy included, but is not limited to, the

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

methods employed by the Principals together with Company, and each of them, to defraud Paisano, to breach certain fiduciary duties, to misappropriate Paisano's money, efforts, and experience, and to conceal their wrongful actions.

142.    As a direct and proximate cause of Defendants' wrongful conduct, Paisano has been damaged in an amount not less than $519,684.81, plus further interest.

## THIRTEENTH CAUSE OF ACTION
### Aiding and Abetting
### (Paisano Against All Defendants)

143.    Paisano re-alleges paragraphs 1 through 42 and 60 through 142 as though fully set forth herein.

144.    Defendants knew or should have known that Company and its officers, members, and directors owed Paisano a fiduciary duty.

145.    Defendants also knew that Company's directors, members, and officers were in breach of their fiduciary duties.

146.    Upon information and belief, Defendants knowingly provided substantial assistance and encouragement to the directors, members, and officers of the Company in their breaches of their fiduciary duties.

147.    Defendants knowingly provided substantial assistance and encouragement to the directors, members, and officers of the Company in their breaches of their fiduciary duties and duties under PACA by, *inter alia*, collectively making false representations to Paisano regarding promises to pay, making partial payments for the improper purpose of inducing Paisano to extend credit or ship additional fruit in reliance on representations received from multiple Defendants, and managing cash and financial accounting methods designed to remove assets from the reach of its creditors, like Paisano herein.

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

148.    Upon information and belief, Defendants possessed the requisite authority and control over the Company and its officers, members, and directors to counteract or prevent their breaches of their fiduciary duties, but failed to act.

149.    Defendants each benefitted from Company's breach of its contracts with Paisano.

150.    Defendants each benefitted from the Company and Principals' breaches of their fiduciary duties.

151.    Defendants each benefitted from the Company and Principals' breaches of their duties under PACA.

152.    Defendants therefore aided and abetted Company and Principals breaches of fiduciary duties and their duties under PACA.

153.    As a result, Defendants are jointly responsible with the directors, members, and officers of Company for the damages resulting from those breaches of fiduciary duty and of PACA.

154.    As a direct and proximate cause of Defendants' wrongful conduct, Paisano has been damaged in an amount not less than $519,684.81, plus further interest.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully seeks the entry of an Order providing as follows:

A.    As to the First Cause of Action: (i) entering a Judgment in favor of Paisano and against the Defendants, jointly and severally, for failing to promptly pay Paisano in the amount of $519,684.81, plus additional interest, (ii) entering an Order creating a common fund and/or otherwise compelling the preservation of Defendants' assets for the benefit of Plaintiff and other similarly-situated unpaid Produce suppliers that properly join in the instant action, (iii) entering an Order directing Defendants to immediately turn over to the registry of the Court all Company assets for the benefit of all unpaid Produce suppliers such as Plaintiff, and (iv) entering an order

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

directing Company to cease and desist all business operations unless and until the Court is completely satisfied that Company is properly capitalized, not insolvent, and able to operate in compliance with PACA;

B.      As to the Second Cause of Action, entering a Judgment in favor of Paisano and against the Company for breach of contract in the amount of $519,684.81, plus additional interest;

C.      As to the Third Cause of Action, entering a Judgment in favor of Paisano and against the Principals, on a joint and several basis with the Company, for a breach of their fiduciary duties under PACA in the amount of $519,684.81, plus additional interest;

D.      As to the Fourth Cause of Action, entering a Judgment in favor of Paisano and against the Defendants, jointly and severally, for a breach of expressed or implied duties under PACA in the amount of $519,684.81, plus additional interest

E.      As to the Fifth Cause of Action, entering a Judgment in favor of Paisano and against the Defendants, jointly and severally, for making false and misleading statements in connection with its Produce related dealings with Paisano in the amount of $519,684.81, plus additional interest;

F.      As to the Sixth Cause of Action, entering a Judgment in favor of Paisano and against the Defendants, jointly and severally, for breach of good faith and fair dealing under PACA in the amount of $519,684.81, plus additional interest;

G.      As to the Seventh Cause of Action, entering a Judgment in favor of Paisano and against the Principals, on a joint and several basis, for their intentional interference with the contracts between Paisano and Company in the amount of $519,684.81, plus additional interest;

COMPLAINT

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

H.      As to the Eighth Cause of Action, entering a Judgment in favor of Paisano and against the Principals for their breach of fiduciary duties owed to creditors like Paisano due to the Company's insolvency in the amount of $519,684.81, plus additional interest;

I.      As to the Ninth Cause of Action, entering a Judgment in favor of Paisano and against Global Produce and the Principals, jointly and severally, in the amount of $519,684.81, plus additional interest;

J.      As to the Tenth Cause of Action, entering a Judgment in favor of Paisano and against Global Produce Int'l. and the Principals, jointly and severally, in the amount of $519,684.81, plus additional interest;

K.      As to the Eleventh Cause of Action, entering a Judgment in favor of Paisano and against GTI and the Principals, jointly and severally, in the amount of $519,684.81, plus additional interest;

L.      As to the Twelfth Cause of Action, entering a Judgment in favor of Paisano and against the Defendants, jointly and severally, for conspiracy to defraud in the amount of $519,684.81, plus additional interest;

M.      As to the Thirteenth Cause of Action, entering a Judgment in favor of Paisano and against the Defendants, jointly and severally, for aiding and abetting in the amount of $519,684.81, plus additional interest;

N.      Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 9th day of October 2017.

WALLACE JORDAN RATLIFF
& BRANDT, LLC

*Jason R. Klinowski, Esq.*
WALLACE, JORDAN, RATLIFF & BRANDT LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
Tel: (205) 874-0371

By:    /s/ Jason R. Klinowski
       Jason R. Klinowski, Esq.
       Illinois Bar No. 6283266
       S.D. Texas, No. 1000746

First Commercial Bank Building
800 Shades Creek Parkway, Suite 300
Birmingham, Alabama 35209
Tel:  (205) 874-0371
Fax:  (205) 874-3287
E-mail: jklinowski@wallacejordan.com
*Lead Counsel for Paisano Capital*