United States District Court
Southern District of Texas
**ENTERED**
April 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAISANO CAPITAL SA DE CV d/b/a, PRODUCTOS PAISANO § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-17-3015 |
| § | |
| GLOBAL PRODUCE TRADE, INC., *et al.*, § § § | |
| Defendants. § | |

## ORDER

The defendants, Global Produce Trade, Inc., Global Produce International LLC, GP International, Inc., Artemisa P. McLeod, and Connor McLeod, move to vacate the entry of judgment against them based on improper service under Federal Rule of Civil Procedure 60(b)(4). (Docket Entry No. 39). The plaintiff did not respond to the motion.

The court entered default judgment against the defendants on June 17, 2019. (Docket Entry No. 31). The defendants argue that they were never properly served under Federal Rule of Civil Procedure 4. The proofs of service show that the plaintiff attempted service at 720 Rusk #422, Houston, Texas on November 27 and 29, 2017. The summons do not name an individual who was served. The defendants explain that the address was no longer in use by any party after July 2017, and it was never a dwelling or usual place of abode for Artemisa and Connor McLeod. GP Produce International was registered at 720 Rusk Street, but stopped using the address after July 2017. GP Trade is a California corporation, that has not done business in Texas, and did not have an office in Texas. The defendants were not served individually or through an agent or officer, so the court did not have jurisdiction over them.

A Rule 60(b)(4) motion allows a party to receive relief from a final judgment, order, or proceeding if the underlying judgment is void. *Goetz v. Synthesys Techs., Inc.*, 415 F.3d 481, 483 (5th Cir. 2005). "When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4). *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).

The motion to void the default judgment, (Docket Entry No. 39), is granted, and the default judgment (Docket Entry No. 31), is vacated.

SIGNED on April 28, 2022, at Houston, Texas. !

_____
Lee H. Rosenthal
Chief United States District Judge