United States District Court
Southern District of Texas
**ENTERED**
September 02, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAISANO CAPITAL SA DE CV d/b/a, PRODUCTOS PAISANO § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H:17-3015 |
| § | |
| GLOBAL PRODUCE TRADE, INC., *et al.*, § § § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Paisano Capital S.A. de CV d/b/a Productos Paisano sold Mexican-grown Persian limes to Global Produce Trade, Inc. for shipment to the Netherlands in 2016. Alleging that it was never paid for those limes, Paisano sued Global Produce Trade, Inc., Global Produce International LLC, GP International, Inc., two individuals identified as the managing members of GP International, Inc. (Artemisa McLeod and Connor McLeod), and two additional defendants that were later voluntarily dismissed. That was back in October 2017. Despite the age of this case, the parties are still litigating over service of process.

The remaining defendants—collectively, the Global Defendants—moved to dismiss on the basis of improper service, arguing that Paisano failed to comply with the time limits under Rule 4(m) of the Federal Rules of Civil Procedure. (Docket Entry No. 47). Paisano argues that it reasonably and in good faith believed that it had effectively served the Global Defendants in late 2017. Paisano argues that upon learning of possible service deficiencies in late 2021 and investigating them in early 2022, it asked this court to extend the time to effect proper service. (Docket Entries No. 52, 53). The Global Defendants oppose Paisano's motion to extend the time

and seek dismissal for the delays. (Docket Entries No. 59, 60). The Global Defendants assert that the 2017 proofs of service were facially defective and that Paisano's repeated and ongoing delays after filing those proofs of service reflect inexcusable neglect that justifies dismissal with prejudice.

Based on the record, the motions, responses, replies, and the applicable law, the court denies Paisano's motion for further extensions to effect proper service and grants the Global Defendants' motion to dismiss, with prejudice based on inexcusable neglect in effecting proper service and in prosecuting this case. The reasons are explained below.

## I.   Background

Paisano sued in October 2017, alleging an unpaid principal balance of about $500,000 for produce that Paisano sold to Global Produce. About 41 days after filing, the process server Paisano retained had provided proofs of what purported to be personal service on the Global Defendants. Under penalty of perjury, the process server affirmed that four of the Global Defendants had been served at the address 720 Rusk #422, Houston, TX 77002, on November 27, 2017.

Paisano promptly filed those proofs of service with the court on December 6, 2017. (Docket Entries No. 9 (Connor McLeod), 10 (Global Produce International), 11 (Global Produce Trade), 12 (GP International)). The process server also affirmed that the fifth Global Defendant, Artemisa McLeod, had been served at that same address on November 29, 2017, but Paisano did not file that proof of service with the court until March 23, 2018. (Docket Entry No. 16). In a sworn declaration, Paisano's attorney asserts that the 720 Rusk, Houston address matched the address provided on GP International and Global Produce International's company websites and that the Texas Secretary of State filings designated that address as the address for Artemisa

McLeod and the location of the registered agents for service of GP International and Global Produce International. (Docket Entry No. 52, Ex. A, De Falco Decl. ¶¶ 13–16).

After Paisano received no answer to the service of its complaint, it sought and obtained entry of default against the Global Defendants in April 2018. (Docket Entries No. 21, 22). Nothing happened for a year after that, until Paisano obtained a new lawyer, who promptly moved for a default judgment against the Global Defendants. (Docket Entry No. 30). That judgment was entered in June 2019 in the amount of $492,442.09, plus post-judgment interest. (Docket Entry No. 31).

Two more years went by, with no developments. Then, in June 2021, the Clerk of Court abstracted the judgment, and the abstracted judgment was recorded in Harris County, Texas, in July 2021. In September 2021, Paisano obtained and served a writ of garnishment against Connor McLeod. (Docket Entry No. 36). Shortly thereafter, Connor McLeod and Artemisa McLeod obtained lawyers, and in October 2021, the lawyers for the Global Defendants notified counsel for Paisano that the Global Defendants had not been properly served back in 2017. The Global Defendants then filed a motion to void the judgment in February 2022, attaching documents that raised specific deficiencies with the proofs of service. (Docket Entry No. 39). Paisano sought extensions of time to research and respond to this motion, and after confirming deficiencies in the proofs of service, Paisano agreed to the motion to void the judgment, which the court granted. (Docket Entry No. 44). Paisano later moved to dissolve the abstract judgment and writ of garnishment, which the court also granted. (Docket Entries No. 48, 49, 50, 51).

In May 2022, Paisano sought and obtained alias summonses and contacted counsel for the Global Defendants to request acceptance of service (which was refused) and to submit a proposed schedule for amending the pleadings and proceeding with pretrial work (which was not responded

to). (Docket Entries No. 45, 46). That same month, the Global Defendants moved to dismiss the complaint for improper service. (Docket Entry No. 47). Paisano opposed dismissal and sought an extension of time to effect service. (Docket Entries No. 52, 53). Paisano then served Artemisa McLeod and Connor McLeod, and through Artemisa McLeod as the registered agent, Paisano served Global Produce International and GP International. (Docket Entries No. 56, 57, 58, 63).

The Global Defendants do not challenge the effectiveness of that service. They, instead, challenge Paisano's efforts to make that service timely. (Docket Entries No. 59, 60).

**II.   Analysis**

The issue is excusable neglect. Paisano certainly moved diligently in obtaining service when it filed suit in October 2017. The process server it used returned proofs of service shortly thereafter. As to whether the process server's proofs of service were so facially defective as to make Paisano's reliance on them unreasonable, Paisano argues that the proofs of service were facially sound because the proofs showed that service had been effectuated on the corporate and individual entities at locations shown in the corporate filings with the Texas (and California) Secretaries of State. (Docket Entry No. 52, at 5–6). The record reveals that Paisano acted in good faith to timely serve the Global Defendants and reasonably relied on the proofs of service as evidence of effective and proper service of process. (Docket Entry No. 52, at 5–7; Ex. A, De Falco Decl. ¶¶ 12–20). The record supports Paisano's initial reliance on the proofs of service, from December 2017 to March 2018. And in April 2018, Paisano promptly sought entry of default as to the Global Defendants, which was entered. (Docket Entries No. 21, 22). There is no inexcusable neglect or undue delay during the period from October 2017 to April 2018. *Cf. Chandler v. Kayden Indus. (USA) Inc.*, No. 4:15-cv-3314, 2016 WL 2758034, at *2 (S.D. Tex. May 12, 2016).

From April 2018 to April 2019, however, nothing happened. Nothing in the court's docket shows that Paisano prosecuted its claims during this period. It was only when new counsel appeared for Paisano in April 2019 that Paisano moved to reinstate the case to the active docket (the case had been administratively closed pending service). In June 2019, Paisano moved for and obtained entry of default judgment. But there is a year of no activity, from April 2018 to April 2019, which Paisano does not explain or justify and is a period of unnecessary delay.

The unnecessary delay then continued. From June 2019 to September 2021, a two-year period, again nothing happened. The docket reflects no efforts by Paisano to prosecute its claims. Paisano does not explain this delay. It was not until Paisano yet again substituted in new counsel, Steven De Falco, in September 2021, that the court's docket reflects activity. Paisano moved for a writ of garnishment, provoking a response from the Global Defendants. Their counsel contacted Mr. De Falco in October 2021, and told him that the Global Defendants had not been properly served. From October 2021 to February 2022, Paisano did not communicate further with the Global Defendants or attempt to effect proper service. In May 2022, the Global Defendants moved to dismiss the complaint for improper service and undue delay. (Docket Entry No. 47). Then, in June 2022, after Paisano sought and obtained relief on a motion to set aside the default judgment, Paisano moved to extend the time for service. (Docket Entry No. 53). Only then did Paisano serve the Global Defendants. (Docket Entries No. 56, 57, 58).

Accepting Paisano's explanations for its reliance on the initial proofs of service, there remain unexplained periods of long delays in any effort to prosecute the case. There is a three-year period of unexplained inactivity, from April 2018 to April 2019, (Docket Entries No. 21, 26), and from June 2019 to September 2021, (Docket Entries No. 30, 33). After Paisano obtained a writ of garnishment, the Global Defendants challenged the 2017 service of process. (Docket

5

Entries No. 36, 37). There is nothing in the record to dispute the Global Defendants' assertion that until the writ of garnishment issued, it had no notice of the lawsuit, because they had never been properly served. (Docket Entry No. 39, at 2–3).

The Global Defendants argue that there is an inexcusable 55-month delay from the filing of the lawsuit to effective service of process. Paisano has explained and shown a reasonable, good-faith basis for 7 of those months, from filing suit in October 2017 to seeking entry of default in April 2018. But Paisano does not explain the 12-month delay between April 2018 and April 2019 or the 27-month delay between June 2019 and September 2021. That is approximately 19 months of activity from the date the suit was filed, but 39 months of inactivity. Paisano has failed to explain those 39 months.

To be clear, the unexplained delays occurred before Mr. De Falco took over the representation of Paisano in September 2021. His efforts to prosecute the case after that (and to respond to the information about the improper service of process that occurred in 2017) demonstrate diligence. But his client's extended and unexplained delays before September 2021 constitute inexcusable neglect. *Cf. Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (affirming dismissal although plaintiff could show excusable neglect for some of the delay because "even if those days are deducted from the equation, [plaintiff] still fail[ed] to show that he exercised due diligence during the remaining time available").

Paisano argues that its delays should be excused because they do not unfairly prejudice the Global Defendants. The transaction at issue occurred in 2016, over six years ago. Witnesses are in both Mexico and the Netherlands, as well as in this country, making it difficult to locate them, obtain discovery, or produce them at trial. Documents or other records relevant to the transaction are similarly scattered across an ocean. The six-year delay compounds these difficulties. Courts

recognize that the loss of witnesses, documents, and memories over such an extended period prejudices a defendant. *See McGrew v. McQueen*, 415 F. App'x 592, 597 (5th Cir. 2011) ("We also note that McQueen and his fellow defendants assert that they are prejudiced by virtue of lost documentary evidence and unavailable witnesses as a result of McGrew's delay in the prosecution of his claims.").

Paisano correctly notes that denying its motion to extend the period for service and dismissing the case is a dismissal with prejudice. Paisano argues that such a dismissal requires one of three aggravating factors—delay caused by the plaintiff itself, and not the attorney; actual prejudice to the defendants; or delay caused by intentional conduct. *Thrasher*, 709 F.3d at 512–13. The factors are met. The periods of unexplained inactivity and the resulting 39 months of delay cannot be shunted off to counsel error alone. The lapse in time and loss of evidence does create actual prejudice to the defendants. And because the periods of inactivity and the resulting delay are repeated, lengthy, and unexplained, it is appropriate to infer intentional conduct. *See Newby v. Enron Corp.*, 284 F. App'x 146, 149–50 (5th Cir. 2008).

### III.   Conclusion and Order

For the reasons stated above, the complaint, (Docket Entry No. 1), is **dismissed with prejudice**. The court denies Paisano's motion to extend the time for service and grants the Global Defendants' motion to dismiss. Final judgment is separately entered.

SIGNED on September 2, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge